IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LEVI LOVE,

      Petitioner,

    v.                   CASE NO.   05-3481-SAC

RAY ROBERTS, et al.,

      Respondents.

O R D E R

This matter comes before the court upon petitioner's Motion to Produce Documentary Evidence (Doc. 9), and respondent's Motion for Extension of Time to File Answer (Doc. 10). Having considered these motions, the court finds as follows.

Petitioner's motion seeking to "produce" documentary evidence refers to evidence previously filed by him in another case. Petitioner, in effect, asks this court to remove the evidence filed by him in that case and file it in this case. The evidence referred to by petitioner is Document 6 in Love v. Roberts, Case No. 04-3095 (D.Kan.) consisting of 279 pages (hereinafter "Document 6"). The former case involved the same claims raised herein, was dismissed without prejudice on account of petitioner's failure to exhaust state remedies, was not appealed, and is final. The court treats petitioner's motion as

a Motion to Supplement Petition[1] in which he asks this court to copy a pleading in a closed case and file it as a supplement to his Petition in this case.

Ordinarily, it is the responsibility of the petitioner in a habeas case to gather and maintain all documentary and other evidence he wishes to present to the court in support of his habeas claims, to submit that evidence for filing in the case, and to serve copies of whatever is submitted for filing upon respondents. A show cause order has been issued in this case, and the State has been ordered to provide the court with the official record of petitioner's state criminal proceedings under challenge herein. It may be that the State will provide official copies of the very documents which petitioner seeks to have entered herein from copies in the closed file. For these reasons, the court is not entirely convinced that the submission of this material by petitioner is necessary, or that petitioner should be relieved of his responsibility to provide these documents to the court for filing in this case. On the other hand, the court will review all relevant materials which the petitioner properly submits for filing with the court.

Having weighed these considerations, the court finds the

---

[1]

Petitioner is advised that when he wants to submit additional evidence or argument to this court it should be by motion to supplement or amend his Petition, rather than motion to produce evidence, which suggests that he seeks to discovery.

most expeditious way to proceed on this motion at this time is to take judicial notice of the entire file in <u>Love v. Roberts</u>, Case No. 04-3095 (D.Kan. Aug. 26, 2004). This court will consider Document 6 from that file, after the Answer and Return and the Traverse have been filed in this case. If Document 6 contains material that has not been submitted otherwise in this case and is relevant to a determination of this action, the court will have it available for review. When petitioner makes any argument or allegation in future pleadings (including in his Traverse) that is based upon pages in Document 6, he should refer to the page numbers and the contents from Document 6 in his pleading. The Clerk will be directed to transmit a copy of Document 6 to respondents. However, petitioner is advised that any further documents submitted for filing by him in this case must be served by him upon respondents and contain a certificate of service to that effect.

IT IS **THEREFORE ORDERED** that petitioner's Motion to Produce (Doc. 9) is treated as a Motion to Supplement Petition and is denied except to the extent the court takes judicial notice of the file in <u>Love v. Roberts</u>, Case No. 3095 (D.Kan. Aug. 26, 2004).

IT IS **FURTHER ORDERED** that respondent's Motion for Extension of Time to File Answer (Doc. 10) is granted, and respondents are allowed additional time in which to file their Answer and Return

up to and including April 2, 2006.

The Clerk is directed to make a copy of Document 6 in Case No. 3095 and transmit the copy to respondents herein.

IT IS SO ORDERED.

Dated this 9th day of March, 2006, at Topeka, Kansas.


<u>s/Sam A. Crow</u>
U. S. Senior District Judge