### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LEVI LOVE,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | |
| ) | **No. 05-3481-CM** |
| ) | |
| **RAY ROBERTS, Warden, El Dorado** ) | |
| **Correctional Facility, and PHILL KLINE,** ) | |
| **Kansas Attorney General,** ) | |
| ) | |
| **Respondents.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Levi Love, a prisoner at the El Dorado Correctional Facility in El Dorado, Kansas, filed a petition *pro se* for writ of habeas corpus (Doc. 1). Petitioner was convicted in state court of first degree murder and attempted first degree murder, and seeks a writ pursuant to 28 U.S.C. § 2254. He seeks federal relief, arguing that his constitutional rights were violated by nineteen various acts. The court notes that petitioner alleged in the past that the court was not handling his case in a timely manner. The court assures petitioner that it has reviewed the record before it in the most expeditious manner possible while maintaining judicial integrity, considering the size of the record and other cases on the court's docket. The record in this case, which includes a 242-page brief filed by petitioner, is extensive and not well organized. Nevertheless, the court has now fully reviewed the record and petitioner's arguments and is ready to rule. For the following reasons, the court finds that habeas relief is not warranted. The § 2254 petition is denied.

**I.     Procedural History**

A Shawnee County, Kansas jury convicted petitioner of first degree murder and attempted first degree murder on November 5, 1997. The court sentenced petitioner to concurrent terms of 816 months and life imprisonment. After petitioner appealed, the Kansas Court of Appeals affirmed his convictions. On direct appeal, petitioner raised the following issues: (1) the court should have suppressed certain identification evidence; (2) the evidence was insufficient to support the convictions; and (3) the admission of hearsay evidence violated his right to confrontation.

The Kansas Supreme Court affirmed petitioner's convictions. Petitioner then filed for post-conviction relief pursuant to K.S.A. § 60-1507 in the District Court of Shawnee County on December 16, 1999. In that petition, his counsel raised the following issues: (1) newly-discovered evidence warranted a new trial; and (2) his trial and appellate counsel were ineffective. Petitioner then filed a *pro se* "new-revised" § 60-1507 motion addressing sixteen additional issues. After the district court denied his § 60-1507 petition, petitioner appealed. He also filed a Motion to Correct Illegal Sentence, which was denied by the district court in April 2003. On September 12, 2003, the Kansas Court of Appeals affirmed the district court's § 60-1507 decision, and the Kansas Supreme Court denied the subsequent petition for review on December 23, 2003. The Kansas Supreme Court affirmed the denial of petitioner's Motion to Correct Illegal Sentence on December 9, 2005. On December 22, 2005, petitioner filed the instant request for relief pursuant to 28 U.S.C. § 2254.

**II.    Standard of Review**

Because petitioner filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, the court reviews petitioner's claims pursuant to the provisions of the Act.

*Wallace v. Ward*, 191 F.3d 1235, 1240 (10th Cir. 1999). The Act permits a court to grant a writ only if one of two circumstances is present: (1) the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or (2) the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). Absent clear and convincing evidence to the contrary, the court presumes that state court factual findings are correct. *Id.* § 2254(e)(1).

Under the first alternative, the court will find that a state court decision is contrary to clearly established law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). Under the second alternative, the court will find that a state court decision is an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* The key inquiry is whether the state court's application of the law was objectively unreasonable. *Id.* at 409; *see also Lockyer v. Andrade*, 538 U.S. 63, 75–76 (2003) (observing that the "objectively unreasonable" standard of review is more deferential than the "clear error" standard). But the petitioner need not show that "all reasonable jurists" would disagree with the decision of the state court. *Williams*, 529 U.S. at 409–10.

This court's review is limited; "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). A federal court does not review a state court decision for errors of state law. *Id.* (citations omitted).

### III. Factual Background

On March 23, 1997, Darryl Peppers and LaTonya Ward were walking along a street in Topeka, Kansas, when a person in a white Grand Am pulled up beside them. The man in the car had a brief exchange with Ms. Ward before driving away. Ms. Ward told Mr. Peppers that the individual was "Levi."

When Ms. Ward and Mr. Peppers reached their destination, Mr. Peppers saw a white Grand Am parked nearby. The driver exited the car and approached Ms. Ward. Mr. Peppers turned away and heard a gunshot. He then heard another gunshot and fell to the ground. The gunman drove away in the Grand Am, then returned and ran over Mr. Peppers. Ms. Ward died from a bullet wound to the head, but Mr. Peppers survived. Mr. Peppers identified petitioner as the assailant.

### IV. Discussion

A. Procedural Default

Respondents argue that the majority of petitioner's claims—specifically, all claims except the claims of newly discovered evidence and a few specific ineffective assistance counsel claims—are procedurally defaulted under the independent and adequate state ground doctrine. This doctrine prohibits federal habeas relief when the last state court to which the petitioner presented his federal claims "clearly and expressly" relied on an independent and adequate state law ground to resolve the petitioner's claims, unless the petitioner demonstrates (1) cause for the default and actual prejudice, or (2) a fundamental miscarriage of justice that will occur if the court fails to consider the claim. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To be "independent," the state appellate court's decision must rely on state law, rather than federal law. *Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998). A state law ground is adequate if it is "strictly or regularly followed" and "applied evenhandedly to all similar claims." *Id.* (internal citations and

quotations omitted).

Petitioner attempted to raise these claims *pro se* in his state collateral appeal, but the Court of Appeals held that they involved alleged trial errors that should have been raised during direct appeal. The court refused to consider them on their merits. *Love v. State*, No. 87,937, 2003 WL 22119223, at *5 (Kan. Ct. App. Sept. 12, 2003). The Kansas appellate court clearly and expressly stated that petitioner's claims were barred by a state procedural rule. This rule is followed regularly and applied evenhandedly. *See, e.g.,* Kan. Supreme Court Rule 183(c)(3); *Bruner v. State*, 88 P.3d 214, 218 (Kan. 2004); *Hannon v. State*, 479 P.2d 852, 853–54 (Kan. 1971); *Porter v. State*, 152 P.3d 89, 93 (Kan. Ct. App. 2007). Petitioner has not presented any evidence showing cause for the default or actual prejudice as a result of the alleged federal law violation. Although a petitioner may show cause for default by showing that he received ineffective assistance of counsel, *see Jackson v. Shanks*, 143 F.3d 1313, 1318 (10th Cir. 1998), petitioner fails to make that showing here. He alleges that his appellate counsel was ineffective, but not specifically for failing to raise any of the issues procedurally defaulted. Instead, petitioner claims that appellate counsel was ineffective for failing to adequately brief those three issues that counsel did raise on appeal. Petitioner suggests alternative ways that counsel could have briefed the issues in order to win the appeal.

There are several problems with petitioner's argument. First, he did not raise the argument in his § 60-1507 motion before the trial court. Second, in his § 60-1507 appeal, he only claimed that appellate counsel was ineffective for inadequately briefing one issue on appeal, not all three. And third, he has not shown that but for counsel's inadequate briefing of the three issues raised on direct appeal, petitioner would have prevailed. The court finds that petitioner has not shown cause for default or actual prejudice.

Petitioner also has not shown that it would be a fundamental miscarriage of justice to deny review

on the merits. A petitioner may establish a miscarriage of justice by showing actual innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner claims that his newly discovered evidence proves his innocence. The court disagrees. The testimony of Larry Moore, which would place petitioner at another place at the time of the crime, is inconsistent with other evidence of record. Michael Yates would testify that Mr. Peppers told him that he falsely accused petitioner. His explanation for why he did not come forward with the evidence earlier, however, is not credible. The trial court found petitioner's newly discovered evidence to be cumulative and suffering from credibility issues. This court presumes the factual determinations of the trial court to be correct. 28 U.S.C. § 2254(e)(1).

For these reasons, the court finds that federal habeas review of most of petitioner's allegations of constitutional error are barred by petitioner's procedural default.

B.     Newly Discovered Evidence

Petitioner claims that the newly discovered evidence referenced above independently entitles him to habeas relief. But newly discovered evidence generally will not warrant habeas relief absent an independent constitutional violation. *Clayton v. Gibson*, 199 F.3d 1162, 1180 (10th Cir. 1999) (citing *Herrera v. Collins*, 506 U.S. 390, 400 (1993)). "Typically . . . newly discovered evidence of actual innocence may serve only to satisfy the fundamental miscarriage of justice exception that excuses a petitioner's procedural default and permits a court to address an otherwise barred constitutional claim." *Id.* at 1180 (citing *Herrera*, 506 U.S. at 404).

As outlined above, the newly discovered evidence in this case conflicts with other evidence in the record, is cumulative, and suffers from credibility issues. The evidence falls short of "truly persuasive demonstration of actual innocence." *Herrera*, 506 U.S. at 417. Petitioner is not entitled to habeas relief on

this basis.

C.  Ineffective Assistance of Counsel

Petitioner claims that his counsel was ineffective both at the trial court and appellate court level. The court applies the standard identified in *Strickland v. Washington*, 466 U.S. 668 (1984), when determining whether a habeas petitioner's counsel provided ineffective assistance. *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*). Under *Strickland*, a petitioner bears the burden of satisfying a two-pronged test in order to prevail. First, he must show that his attorney's "performance was deficient" and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88. The court affords considerable deference to an attorney's strategic decisions and "recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Second, a habeas petitioner must demonstrate prejudice, which requires a showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the [petitioner] makes an insufficient showing on one. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.* at 697. Again, in the context of a § 2254 habeas petition, this court may grant habeas relief "only if the state court determination on the issue involved an 'unreasonable application' of clearly established federal law as established by the Supreme Court." *Spreitzer v. Peters*, 114 F.3d 1435, 1453 (7th Cir. 1997); *Trice v. Ward*, 196 F.3d 1151, 1160 (10th Cir. 1999) ("To the extent that [petitioner] has asserted a

legitimate claim of ineffective assistance, we conclude the Court of Criminal Appeals resolution of that claim represents a reasonable application of *Strickland*.").

*1. Trial Counsel*

Petitioner claims that trial counsel was ineffective in that his attorneys (1) failed to comment in closing argument on evidence regarding the assailant's alleged height; and (2) failed to raise proper objections during the government's opening statement.

The state district court and the Kansas Court of Appeals both reviewed this claim and determined that petitioner's counsel was not ineffective. As to petitioner's first claim, the decision of what content to include in closing argument falls within an attorney's trial strategy. As for the second claim, the court instructed the jury that statements of counsel were not evidence. Moreover, the prosecutor's comment drew a proper inference from the evidence. For these reasons, the court finds that counsel's failure to make certain comments in closing argument and failure to object when petitioner felt that an objection was warranted were neither objectively unreasonable nor prejudicial. Moreover, the Kansas Court of Appeals properly applied the standards of *Strickland* in reaching this conclusion.

*2. Appellate Counsel*

Petitioner claims that his appellate counsel ineffectively briefed an eyewitness identification issue. Although the Kansas Court of Appeals found that petitioner procedurally defaulted this claim, the court also went on to reject the claim on its merits. This court agrees that it lacks merit and finds that the Kansas Court of Appeals properly applied *Strickland* standards in reaching this conclusion. A defendant does not have the right to compel counsel to raise particular issues on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Counsel is entitled to use his professional judgment to determine which points best deserve

attention in appellate briefs. *See generally id*. at 750–54. Moreover, the Court of Appeals rested its finding that petitioner had procedurally defaulted his claim on two bases: (1) by failing to raise it before the lower court, and (2) by failing to include counsel's allegedly defective brief in the appellate record. Each basis presents an independent and adequate state law ground. *See, e.g., Dalmasso v. Dalmasso*, 9 P.3d 551, 561 (Kan. 2000) (holding that issues not raised before the trial court cannot be raised on appeal); *State v. Moncla*, 936 P.2d 727, 736 (Kan. 1997) ("The defendant has the burden of furnishing a record which affirmatively shows that prejudicial error occurred in the trial court. In the absence of such a record, an appellate court presumes that the action of the trial court was proper."). Petitioner has not presented any evidence showing cause for the default or actual prejudice as a result of the alleged federal law violation. Petitioner suggests that either the court overlooked the brief, or it was not his burden to ensure that the brief was included. It was, however, his burden, and petitioner has not shown that the record did include the brief. Nor has he shown that it would be a fundamental miscarriage of justice to deny review on the merits. Petitioner is not entitled to relief on this basis.

D.      Failure to Conduct a Full § 60-1507 Hearing

The court notes one issue that petitioner raised before the appellate court that was neither explicitly addressed by the appellate court nor procedurally defaulted: the trial court's failure to conduct a full evidentiary hearing on petitioner's § 60-1507 motion. Because the trial court found that the files and records conclusively showed that petitioner was not entitled to relief, no evidentiary hearing was required. *See* Kan. Supreme Court Rule 183(f). The Court of Appeals affirmed the trial court's holding that petitioner was not entitled to relief, implicitly holding that no evidentiary hearing was necessary. This court finds no constitutional error in the denial of a full evidentiary hearing.

**IT IS THEREFORE ORDERED** that petitioner's request for a writ of habeas corpus pursuant to § 2254 is denied.

Dated this 10th day of July 2007, at Kansas City, Kansas.

s/ Carlos Murguia  
**CARLOS MURGUIA**  
**United States District Judge**
