## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LEVI LOVE,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | |
| ) | **No. 05-3481-CM** |
| ) | |
| **RAY ROBERTS, Warden, El Dorado** ) | |
| **Correctional Facility, and PHILL KLINE,** ) | |
| **Kansas Attorney General,** ) | |
| ) | |
| **Respondents.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

Levi Love, a prisoner at the El Dorado Correctional Facility in El Dorado, Kansas, filed a

petition *pro se* for writ of habeas corpus (Doc. 1).  Petitioner was convicted in state court of first

degree murder and attempted first degree murder, and sought a writ pursuant to 28 U.S.C. § 2254.

The court denied petitioner's request for relief on July 10, 2007.  Petitioner filed a Motion (Petition)

for Rehearing (Doc. 47) on August 15, 2007.  Petitioner claims that the court overlooked petitioner's

traverse and evidence of which the court should have taken judicial notice.  Petitioner argues that he

did not procedurally default any claims, that the state appellate court and state supreme court were

without jurisdiction to find state procedural default, and that he was entitled to a full evidentiary

hearing in state district court on whether his trial counsel and appellate counsel were ineffective.

If the court were to construe petitioner's motion as a motion to alter or amend judgment, it

would be untimely.  *See* Fed. R. Civ. P. 59(e) (providing a ten-day time limit after entry of judgment

for motions to alter or amend).  The court therefore construes petitioner's motion as a Rule 60(b)

motion seeking relief from judgment.  *See Asselin v. Shawnee Mission Med. Ctr., Inc.*, 894 F. Supp.

1479, 1484 (D. Kan. 1995) (affording a *pro se* party more leniency).  The court may grant Rule 60(b) relief under six circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

Petitioner appears to argue that he is entitled to relief pursuant to Rule 60(b)(1) and (6).  To the extent that he claims the court erred by failing to review the entire record, his claim lacks merit. The court carefully reviewed the record in this case and evaluated petitioner's case based on the record as a whole.

Petitioner is also not entitled to relief pursuant to subsection (6).  The "catch all" provision in Rule 60(b)(6) allows for relief only in extraordinary circumstances.  *Loum v. Houston's Rests., Inc.*, 177 F.R.D. 670, 672 (D. Kan. 1998) (citations omitted).  The court reserves Rule 60(b)(6) relief for situations in which it "offends justice" to deny relief.  *Id.* (citation omitted).  Petitioner fails to cite any "exceptional circumstance" justifying relief.

To the extent that petitioner raises a new issue in his motion, he offers no valid reason for relief.  "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider."  *Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998).

**IT IS THEREFORE ORDERED** that petitioner's Motion (Petition) for Rehearing (Doc. 47) is denied.

-2-

Dated this 7th day of November 2007, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**